IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN M. HUCKEBA,            ) | |
|     Plaintiff,            ) | |
| vs.                                             ) | No. 3:05-CV-0326-B (BH) |
|                                     ) | ECF |
| WILLARD GOLD,                       ) | Referred to U.S. Magistrate Judge |
|     Defendant.            ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 while incarcerated in the Texas prison system. (Compl. at 2.)[1] He sues Dr. Willard Gold for negligence and an erroneous medical diagnosis. (*Id.* at attached pages; Answer to Question 4 of Magistrate Judge's Questionnaire.)[2] He seeks monetary damages. (Compl. at attached pages.) No process has been issued in this case.

### II. PRELIMINARY SCREENING

Because plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which

---

[1] The Court utilizes the page numbers at the bottom of each page although the first page of the complaint indicates that it is page two.

[2] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

### III. SECTION 1983 RELIEF

Plaintiff seeks relief under 42 U.S.C. § 1983 for alleged negligence by Dr. Gold. Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). "Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes . . . must plead the operative facts upon which their claim is based. Mere conclusory allegations are insufficient." *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987).

Plaintiff claims that Dr. Gold denied him admittance to Terrell State Hospital, took away his medication, and committed malpractice. (Compl. at 3 and attached pages.) He claims that Dr.

2

Gold erroneously diagnosed him as a "criminal malingerer" and stripped him of prescribed anti-psychotic medication. (*Id.* at attached pages.) He claims that Dr. Gold acted negligently. (*See generally id.*; Answer to Question 4 of MJQ.)

For purposes of this action, the Court assumes without deciding that Dr. Gold is a state actor because plaintiff's claims center around events at a state hospital. Nevertheless, because plaintiff's claims against Dr. Gold are merely based on negligence and a disagreement with treatment, he has not adequately alleged that he has been deprived of a right secured by the Constitution or laws of the United States. "Section 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties of care arising out of [state] tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Mere negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (stating that "[r]espondents' lack of due care . . . simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent"); *Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 635 (5th Cir. 1999) (stating that "negligence on the part of state officials does not suffice to make out any due process violation under the Fourteenth Amendment"). Negligence is simply insufficient to impose liability under § 1983. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). In addition, "[d]isagreement with medical treatment alone cannot support a claim under § 1983." *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). Accordingly, plaintiff fails to state a claim upon which relief may be granted under § 1983.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 19th day of May, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4